The Honorable Mark Riable State Representative 16611 Burlingame Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion regarding the authority of county comptrollers to scrutinize the expenses of county elected officials. Your specific question is as follows:
 What authority, if any, does a county comptroller have, or any other county financial employee or officer have, to limit, scrutinize, or deny expenditure requests of elected county officials?
Please note that I have enclosed a copy of Attorney General Opinion 90-206 which was issued in response to several questions concerning the duties of the county treasurer, county clerk, and county comptroller in Pulaski County. It was concluded therein, with regard to the Office of County Comptroller for Pulaski County established under Act 646 of 1919, that the comptroller has the responsibility to receive claims from vendors and maintain claims dockets. Op. Att'y Gen. 90-206 at 3.[1] It was noted that the comptroller has the duty, in accordance with Section 4 of Act 646 of 1919, "to examine all claims against the county, certify to the correctness and validity thereof and present such claims for allowance under this certificate to the county court."
The comptroller thus clearly has the authority and duty to scrutinize expenditure requests in this regard. It should also be noted that as the designated representative of the county judge, the comptroller of Pulaski County exercises functions under A.C.A. 14-14-1102(b)(2) (1987) in connection with the approval of all vouchers for the payment of county funds out of the county treasury. Under subsection (b)(2)(B), the county judge or his designated representative must determine that there is a sufficient appropriation and a sufficient unencumbered balance of funds on hand, that the expenditure is in compliance with the appropriation, that all state laws or county ordinances are complied with, and that payment is owed by the county. A.C.A.14-14-1102(b)(2)(B)(i)-(iv).
It is thus apparent that the denial of an expenditure may occur as a result of the scrutiny required under 14-14-1102. It must be recognized, however, that ultimately the power to authorize and approve disbursement of appropriated county funds is vested in the county judge, pursuant to Arkansas Constitution, Amendment55, Section 3.[2] See also A.C.A. 14-14-1101 (1987). Additionally, reference should be made to the duty of the prosecuting attorney regarding the terms and conditions of Amendment 10 to the Arkansas Constitution (incorporated in Ark. Const. art. 12, 4). In accordance with A.C.A. 14-23-107 (Cum. Supp. 1993), the prosecuting attorney must enforce the constitutional prohibition against any allowances in excess of fiscal year revenues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] I am aware of no Arkansas Code provision establishing the office of county comptroller. Act 646 of 1919, which established the office in Pulaski County, is not codified because it is special or local legislation. If your question pertains to a county other than Pulaski County, a conclusive response would require a review of the relevant local legislation.
[2] There must, of course, be an appropriation before any money may be paid out of the county treasury. See Ark. Const. art. 16,12 and A.C.A. 14-14-1102(b)(2)(C) (1987). The authority to "limit" or "deny" expenditures is thus initially vested in the Quorum Court, in the sense that appropriation measures are enacted by that body. A.C.A. 14-14-801 (1987).